UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JAMES E. CONYERS, JR., | ) |
| Plaintiff, | ) Case No. 1:06-cv-246 |
| v. | ) Honorable Robert Holmes Bell |
| CARMEN D. PALMER, et al., | ) |
| Defendants. | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is currently incarcerated at the Deerfield Correctional Facility. In his *pro se* complaint, he sues Warden Carmen D. Palmer, the Ionia Temporary Correctional Facility,[1] and the Deerfield Correctional Facility. Plaintiff first alleges that Defendants have "discriminated" against him by failing to make a decision on his work eligibility, while granting other inmates work eligibility at a faster rate. Second, Plaintiff alleges that Defendants have threatened his health, as a vegetarian, non-smoking athlete, by failing to stock bottled purified water at the prisoner store.[2]

For relief, Plaintiff requests that he be transferred to another Level 1 facility, possibly in Indiana, Nevada, or Coldwater, Michigan, and $75,000 for his time and suffering.

---

[1] "Ionia Temporary Correctional Facility" is the former name of the Deerfield Correctional Facility. Because there is no longer an Ionia Temporary Correctional Facility, Plaintiff's complaint actually names two defendants rather than three.

[2] Plaintiff raises three additional issues in documents outside his complaint. On a blank sheet of paper appended to his complaint, Plaintiff wrote that he cannot make copies and is being denied access to the law library. In an April 2006 letter to the Court inquiring into the status of this case, Plaintiff claims that among the issues he raises is "white laundry more than once a week/with bleach." None of these three claims have been set forth in Plaintiff's § 1983 complaint. More importantly, none of them have been grieved, let alone exhausted. Thus, the Court will not further address these three additional claims.

II.     <u>Failure to state a claim</u>[3]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not specify the precise constitutional provision under which Defendants have allegedly discriminated against him by failing to grant him work eligibility as quickly as other inmates. Reading his complaint indulgently, *see Haines,* 404 U.S. at 520, this claim sounds in equal protection under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal

---

[3]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action regarding prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Although Plaintiff filed grievances regarding both of the issues he raises in his complaint, he has not pursued either grievance to completion. With regard to the work eligibility issue, Plaintiff indicates in his complaint that his Step I grievance was rejected. However, he neither alleges nor shows that he appealed the rejection to Steps II or III. This entails a failure to exhaust. *See Little v. Bahr*, No. 99-1660, 2000 WL 921978, at *1 (6th Cir. June 30, 2000) (holding that a rejection of a grievance is itself a response that must be appealed). With regard to the bottled water issue, Plaintiff indicates that he received a Step II response and sent it to the warden without a Step III appeal. Because this grievance is still pending, it has not yet been exhausted. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.") Although Plaintiff has not satisfied the exhaustion requirement, the Court need not first require exhaustion of available administrative remedies because Petitioner's claims may be dismissed for failure to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the time frame in which Defendant Deerfield Correctional Facility is determining Plaintiff's public works eligibility need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

Plaintiff fails to state a meritorious equal protection claim. He argues that he has not yet been approved for public works eligibility, whereas other inmates, some of whom applied after him and/or lack a high school diploma or G.E.D., have already been granted eligibility. Plaintiff's allegations on this point are wholly conclusory. He merely states that he is being treated differently, but provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Plaintiff similarly does not articulate the constitutional provision Defendants have violated by failing to provide bottled purified water at the prisoner store, which Plaintiff calls a "health issue." Again reading Plaintiff's complaint indulgently, this claim could only be brought

under the Eighth Amendment's violation of cruel and unusual punishment.  Like Plaintiff's equal protection claim, his Eighth Amendment claim is without merit.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich* , 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Applying the above standards, Plaintiff's assertion that Defendants' failure to offer bottled purified water in the prisoner store does not rise to the level of cruel and unusual punishment. He does not allege he is being deprived of water, which is an essential basic necessity.  Rather, he complains that the prisoner store does not provide *bottled* water, which is not a basic necessity.  This is at most a mere inconvenience.  Furthermore, in response to his bottled water grievance, the prison advised Plaintiff to work with the Prisoner Store Committee to add bottled water to the Standardized Store List, an avenue Plaintiff may still pursue.[4]

---

[4]As an additional basis for dismissal, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections.  Regardless of the form of relief requested, the states and their departments are immune under
(continued...)

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:     June 23, 2006                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[4](...continued)
the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Deerfield Correctional Facility is immune from Plaintiff's suit.